



342-08/MEU
FREEHILL HOGAN & MAHAR LLP
Attorneys for Plaintiffs
DAMPSKIBSSELSKABET NORDEN A/S and
NORIENT PRODUCT POOL A/S
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Michael E. Unger (MU 0045)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DAMPSKIBSSELSKABET NORDEN A/S and
NORIENT PRODUCT POOL A/S,

                    Plaintiff,

   - against –

PROJECTOR SA, PROJECTOR ASIA PTE LTD.,
and PROJECTOR SERVICES LIMITED,

                    Defendants.
------------------------------------------------------------x

08-Civ-

**VERIFIED COMPLAINT**

Plaintiffs, DAMPSKIBSSELSKABET NORDEN A/S (hereinafter "NORDEN") and NORIENT PRODUCT POOL A/S (hereinafter "NORIENT"), by their attorneys Freehill, Hogan & Mahar, LLP, as and for their Verified Complaint against Defendants PROJECTOR S.A. (hereinafter "PSA"), PROJECTOR ASIA PTE LTD. (hereinafter "PLTD), and PROJECTOR SERVICES LIMITED (hereinafter "PSL") (collectively Defendants), allege upon information and belief as follows:

    1.   This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract of charter party. This case also falls under this Court's admiralty and maritime

jurisdiction pursuant to 28 U.S.C. §1333. Jurisdiction is also proper pursuant to the Court's federal question jurisdiction pursuant to 28 U.S.C. §1331. Federal jurisdiction also exists because the action arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards at 9 U.S.C. §201 *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et seq.*

2. At all times material hereto, Plaintiff NORDEN was and still is a foreign business entity under the laws of a foreign country with an address at 49, Amaliegade, DK-1256 Copenhagen K, Denmark.

3. At all times relevant hereto, NORIENT was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an office and place of business at 49, Amaliegade, DK-1256 Copenhagen K, Denmark.

4. At all times relevant hereto, PSA was and still is a business entity duly organized and existing under the laws of a foreign country with a registered address at 35A Regent Street, Belize City, Belize but actually doing business at No. 2 Battery Road, HEX22-01 Mayback Tower, Singapore 049907..

5. At all times relevant hereto, PLTD was and still is a business entity duly organized and existing under the laws of a foreign country with an address at No. 2 Battery Road, HEX22-01 Mayback Tower, Singapore 049907.

6. At all times relevant hereto, Defendant PSL was and still is a business entity duly organized and existing under the laws of a foreign country with an address at 57 Berkeley Square, London, 1J6 3ER.

7. On or about March 14, 2008, Plaintiff NORIENT, as agent on behalf of Plaintiff NORDEN, the disponent owner of the M/T OMEGA PRINCESS, and PSA, as charterer,

entered into a maritime contract of charter party on an amended ASBATANKVOY form for the use and operation of the vessel ("the charter party") for one time charter trip from Limboh, Cameroon to Richmond, California via the Panama Canal.

8. Pursuant to the terms of the charter party, the vessel was duly delivered into service under the charter and the cargo was safely loaded, transported and discharged.

9. The laytime permitted for loading and discharging of the cargo under the terms of the charter was exceeded and thus demurrage was earned.

10. On or about May 30, 2008, NORIENT provided PSA with a laytime calculation and invoice for demurrage in the sum of $313,074.53.

11. Despite due demand, PSA, in breach of the charter party, has refused and/or otherwise failed to pay the amount due and outstanding.

12. Pursuant to the Panama Canal clause in the charter party, waiting time in excess of 24 hours for the pilot at Panama was to be compensated for in full by PSA at the demurrage rate and was payable at the time of discharge.

13. The vessel waited for the pilot at Panama in excess of 24 hours.

14. On or about May 28, 2008, NORIENT provided PSA with an invoice for waiting time in Panama in the sum of $88,119.40.

15. Despite due demand, PSA, in breach of the charter party, has refused and/or otherwise failed to pay the amount due and outstanding.

16. Plaintiffs have fulfilled all obligations required of them under the charter party.

17. Upon information and belief and at all times materials hereto Defendants PSA, PLTD and PSL act interchangeably and on each others behalf in a relationship which renders each the alter ego of the other.

18. Upon information and belief Defendants utilize the same offices, addresses and telephone numbers for their joint business operation, and act on each other's behalf in guaranteeing or arranging financing for the others as evidenced by issuance of a certain letter of indemnity in a charter party involving the M/V DYNAMIC EXPRESS where PLTD provided an indemnity on behalf of PSA and in respect to the subject contract where PSL issued a similar guarantee on behalf of PLTD.

19. The charter party provides for the application of English law and all disputes between the parties are to be resolved in the High Court of England in London. Plaintiffs specifically reserves their right to proceed in litigation in the English High Court and have commenced and/or shortly will commence proceedings in London.

20. This action is brought to obtain jurisdiction over the Defendants and to obtain security in favor of Plaintiffs in respect to their principal claims against PSA in the sum of $401,193.93 and in aid of the London proceedings.

21. This action is further brought to obtain security for any additional sums to cover Plaintiffs' anticipated attorney fees and costs in the London proceedings and interest, all of which are recoverable as part of Plaintiff's main claim under English law.

22. Plaintiff estimates, as nearly as can be computed, that the legal expenses and arbitral costs of prosecuting the claim in London will be $250,000 and interest on its damages are estimated to be $64,279 (calculated at the rate of 7.5% for a period of 2 years, the estimated time for completion of the proceedings in London).

## Request for Rule B Relief

23. Upon information and belief, and after investigation, the Defendants identified in this action cannot be "found" within this district for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiffs are informed that Defendants have, or will shortly have, assets within this District comprising of, *inter alia*, cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, and/or assets in the form of pre-approved loan commitments or assets earmarked for a share purchase and/or assets in the form of debt owing from other entities (including A/S Dampskibsselskabet TORM) in connection with a certain stock purchase of PSA's interest (or Defendants' interest) in a certain company called FR8 Limited or FR8 Holdings Pte. Ltd., belonging to, due or for the benefit of Defendants (hereinafter, "ASSETS"), including but not limited to ASSETS in either of their names, at, moving through, or being transferred and/or wired to or from banking institutions, depositary agents and/or such other garnishees who may be served with a copy of the Process of Attachment issued herein.

WHEREFORE, Plaintiffs pray:

a. That process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged, failing which a default will be taken against them;

b. That since Defendants cannot be found within this District pursuant to Supplemental Rule B, that all assets of Defendants up to and including the sum of **$651,193.93** may be restrained and attached, including but not limited to any cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of

credit, freights, sub-freights, charter hire and/or sub-charter hire, and/or assets in the form of pre-approved loan commitments or assets earmarked for a share purchase and/or assets in the form of debt owing from other entities (including A/S Dampskibsselskabet TORM) in connection with a certain stock purchase of PSA's interest (or Defendants' interest) in a certain company called FR8 Limited or FR8 Holdings Pte. Ltd., belonging to, due or for the benefit of Defendants (hereinafter, "ASSETS"), including but not limited to ASSETS in either of their names, at, moving through, or being transferred and/or wired to or from banking institutions, depositary agents and/or such other garnishees who may be served with a copy of the Process of Attachment issued herein; and

c.  That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary, including but not limited to the recognition and enforcement of any judgment or award entered against the Defendants in the London proceedings or elsewhere; and

d.  For such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
       June 24, 2008

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiffs
DAMPSKIBSSELSKABET NORDEN A/S and
NORIENT PRODUCT POOL A/S,

By: _____
    Michael E. Unger (MU 0045)
    80 Pine Street
    New York, NY 10005
    (212) 425-1900
    (212) 425-1901 fax

## ATTORNEY VERIFICATION

State of New York   )
                    ) ss.:
County of New York  )

MICHAEL E. UNGER, being duly sworn, deposes and says as follows:

1. I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information and documentation provided by our client.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
Michael E. Unger

Sworn to before me this
23rd day of June 2008

_____
Notary Public

MELISSA COLFORD
Commissioner of Deeds
City of New York-No. 5-1692
Certificate Filed in New York
Commission Expires 4/1/10

NYDOCS1/307206.1                    7