GEORGE B. FREEHILL
WILLIAM L. JUSKA JR
JAMES L. ROSS*
ERIC E. LENCK
JOHN J. WALSH*
PATRICK J. BONNER*
PETER J. GUTOWSKI
MARK F. MULLER
WAYNE D. MEEHAN*
DON P. MURNANE JR
THOMAS M. RUSSO
THOMAS M. CANEVARI*
MICHAEL FERNANDEZ*
JOHN F. KARPOUSIS*
MICHAEL E. UNGER*
WILLIAM J. PALLAS*
GINA M. VENEZIA
LAWRENCE J. KAHN*
BARBARA G. CARNEVALE*
MANUEL A. MOLINA
JUSTIN T. NASTRO*
PAMELA L. SCHULTZ*
DANIEL J. FITZGERALD*
MICHAEL C. ELLIOTT*
JAN P. GISHOLT†

* ALSO ADMITTED IN NEW JERSEY
† ALSO ADMITTED IN CONNECTICUT
  ALSO ADMITTED IN WASHINGTON D.C.
  ALSO ADMITTED IN LOUISIANA

LAW OFFICES OF
# FREEHILL HOGAN & MAHAR LLP
80 PINE STREET
NEW YORK, N.Y. 10005-1759

TELEPHONE (212) 425-1900
FACSIMILE (212) 425-1901
E-MAIL reception@freehill.com
www.freehill.com

NEW JERSEY OFFICE
549 SUMMIT AVENUE
JERSEY CITY, N.J. 07306-2701
TELEPHONE (973) 623-5514
FACSIMILE (973) 623-3813

CONNECTICUT OFFICE
23 OLD KINGS HIGHWAY SOUTH
DARIEN, CT 06820-4538
TELEPHONE (203) 921-1913
FACSIMILE (203) 358-8377

July 21, 2008

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JUL 23 2008

OUR REF: 342-08/MEU/SL

**MOTION DENIED**

*/s/ George B. Daniels*
JUDGE GEORGE B. DANIELS

JUL 23 2008

**BY HAND**
The Hon. George B. Daniels
United States District Judge
Southern District of New York
Daniel P. Moynihan U.S. Courthouse
500 Pearl Street, Room 630
New York, NY 10007

    Re:    Dampskibsselskabet Norden A/S and Norient Products Pool A/S v. Projector SA, Projector Asia Pte Ltd. and Projector Services Limited, 08 CIV 5669 (GBD)

Dear Judge Daniels:

    We represent Plaintiffs Dampskibsselskabet Norden A/S and Norient Products Pool A/S in the captioned action and write further to our letter application dated July 7, 2008 in connection with the Court's issuance of a Rule B attachment for a reduced amount, excluding portions of Plaintiffs' claims for attorneys' fees, costs and interest, without explanation. We assume that the Court's reason for reducing the amount of the attachment is due to concerns regarding the issue of whether a Rule B attachment may issue for such items. Accordingly, we write to provide the Court with authority in support of the proposition that the attachment may issue for an amount in excess of the principal amount of the claim, to cover such items as interest, costs and attorneys' fees.

    Very briefly, we have sought an attachment in connection with outstanding claims for breach of maritime contracts of charter party in the sum of $401,193.93. In addition, we have sought an attachment to cover estimated interest, attorneys' fees and costs in the total amount of $314,279 (or $250,000 for fees/costs plus $64,279 for interest), as these items are recoverable, in general, in London arbitration which governs the substantive aspects of the claims, and by virtue of the terms of the charter contracts.

The Hon. George B. Daniels
July 21, 2008
Page 2

Under the terms of the applicable arbitration clauses (See charters attached hereto as Exhibit A), the parties specifically agreed at Clause 24 of the Asbatankvoy Form charter party that the arbitrators had the power to award attorneys' fees and costs. (See Clause 24 of the Asbatankvoy Form charter party attached hereto as Exhibit B)

Based upon the foregoing, it is respectfully submitted that the agreements of the parties provide a sufficient basis upon which to allow an attachment for the full extent of the claims since the parties specifically agreed that such amounts were recoverable in arbitration.

The terms of Rule B itself also support the application. Under Supplemental Rule B (1)(a), a plaintiff is entitled to an attachment (in circumstances where the defendant is not found) "up to the amount sued for." In this instance, we have sued for the full anticipated claims, which include the base amount of the claims, the costs, interest owed and reasonable attorney's fees, totaling the sum requested in the attachment.

For the Court's guidance, we also note that there is SDNY authority which supports the proposition that an attachment can issue for amounts in excess of the principal amount of the claim. For instance, in Rolls Royce Industrial Power v. M.V. FRATSIS M. 1996 AMC 393 (S.D.N.Y. 1995), Judge Haight addressed, in detail, an application to vacate an attachment. Included in the Court's analysis was a discussion concerning the extent of the attachment, specifically, the seizure of funds to cover prospective pre-judgment interest. Here, the Court allowed a significant increase in the amount to be attached to cover the claim for pre-judgment interest. Rolls Royce at 411-12.

Similar authority is found in Judge Sotomayor's decision in Starboard Venture Shipping v. Casinomar Transportation, 1994 A.M.C. 1320 (S.D.N.Y. 1993). In Starboard, the Court again was dealing with a Rule B attachment and allowed the attachment to issue in an amount approximately 45% more than the principal amount of the claim to cover interest and expenses. While admittedly this point did not appear to form an issue on which a specific ruling was made, the case does reflect the practice in this District of allowing security in excess of the principal amount of the claim to cover such prospective damages.

Finally, in Starsonic Shipping v. North Star Navigation, 1987 A.M.C. 1932 (S.D.N.Y. 1987), there was an attachment which issued in connection with a claim which was not yet ripe. The action involved a potential indemnity claim in the event the plaintiff (owner) was obliged to respond for stevedoring damages in the first instance, which it claimed were the responsibility of the charterer. The Court maintained the attachment despite the somewhat premature nature of the claim, which would, we submit, support the issuance of an attachment in our case even though portions of the claim are not yet fully mature (because the arbitration has not gone forward).d

Finally, we went out to UK counsel for Plaintiffs to obtain a Declaration confirming that awards in London arbitration routinely include these items and that the amounts requested herein

NYDOCS1 309019.1

FREEHILL, HOGAN & MAHAR LLP

The Hon. George B. Daniels
July 21, 2008
Page 3

are reasonable. (See Declaration of Allen Marks attached hereto as Exhibit C). I hasten to add that counsel in the UK was consulted before this application was made and had confirmed both the entitlement to these items and the reasonableness of the amounts requested.

In view of the foregoing, we respectfully submit that Plaintiffs are entitled to have an attachment issued in an amount in excess of the principal amount of the claims so as to include amounts reasonably anticipated and otherwise recoverable in connection with the anticipated arbitration. Since interest, costs and attorneys' fees are items of claim that the parties agreed the arbitrators would have the power to award, an attachment may properly reach assets to cover the full potential extent of the loss which Plaintiffs may suffer here. As such, we respectfully request that the Court execute the within proposed Order directing the issuance of Amended Process of Maritime Attachment and Garnishment for the full amount of Plaintiffs' claims in the amount of $715,472.93.

If the Court has any concerns as to issuing the proposed Order, we respectfully request a conference before Your Honor to discuss those concerns. We are grateful to the Court for its review and consideration of this issue and look forward to receiving Your Honor's advices in respect to our application.

Respectfully submitted,
FREEHILL HOGAN & MAHAR LLP

Michael E. Unger

NYDOCS1-309019.1

FREEHILL, HOGAN & MAHAR LLP